UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carlos D. Robinson, #89520-071, | ) C/A No.  9:12-2924-JFA-BM |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )REPORT AND RECOMMENDATION |
| | ) |
| United States of America, | ) |
| | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus has been submitted to this court *pro se* by a federal prison inmate.  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89 (2007); *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nonetheless, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing Section 2254 Cases in the United



States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Here, after careful review and consideration of the arguments and materials submitted, the undersigned finds for the reasons set forth hereinbelow that the Petition submitted in this case should be summarily dismissed.

## DISCUSSION

Petitioner is currently incarcerated at the federal prison in Inez, Kentucky.  He was convicted of crack cocaine and firearm related crimes by a jury in this court in May 2004 and received a 960-month sentence.  In March 2007 as a result of his direct appeal, the Fourth Circuit Court of Appeals remanded his case for re-sentencing under the advisory guidelines.  Petitioner received the same sentence, and that sentence was then affirmed on direct appeal in February 2009.   Thereafter, Petitioner filed a motion to vacate, correct or set aside under 28 U.S.C. § 2255 that was considered on the merits and denied on October 27, 2008.  Petitioner filed post-judgment motions under Federal Rules of Criminal Procedure 60 and 59(e), but the denial of his § 2255 motion was affirmed on appeal, *United States v. Robinson*, 350 F. App'x 847 (4th Cir. 2009), and the denial of his post-judgment motions was also affirmed.  *United States v. Robinson*, 416 F. App'x 371 (4th Cir. 2011) (appeal treated as request for authorization to file successive § 2255 motion; denied March 15, 2011).

On June 9, 2011, the U.S. Supreme Court issued its opinion in *DePierre v. United States*, _ U.S. _, 131 S. Ct. 2225 (2011), holding that Congress' use of the term "cocaine base" in 21



U.S.C. § 841(b)(1), refers to BOTH a chemical compound that is "cocaine in its chemically basic form" AND crack cocaine.   The prisoner in *DePierre* had argued that "cocaine base" only meant "crack cocaine" and that because his trial court refused to so instruct his jury, he was improperly convicted and sentenced under that statute.   Petitioner now comes to this court with a Petition purportedly filed under 28 U.S.C. § 2241,  asserting that *De Pierre*, coupled with prior cases such as *Apprendi v. N.J.*, 530 U.S. 466 (2000), requires vacation of his drug conviction and sentence because the jury was not required to find that the "cocaine base" of which he was convicted of trafficking contained the "molecule found in crack cocaine." (ECF No. 1,  Pet. Attach 2, at 6).  He asserts that the *De Pierre* case represents the kind of change in substantive law after the running of his § 2255 time that should allow him to raise the issue through a § 2241 petition under the rules established by *In re Jones,* 226 F.3d 328 (4th Cir. 2000).  This argument is without merit.

Petitioner's *DePierre*-based claim is an attack on the underlying validity of his conviction and sentence.  It is not an attack on the manner of execution of his sentence, which is the more commonly raised type of claim under § 2241.  *See In re Vial,*115 F.3d 1192, 1194 n. 5 (4th Cir. 1977).  Claims challenging the underlying validity of a federal conviction and/or sentence are appropriately raised by federal prisoners by way of a motion to vacate pursuant to 28 U.S.C. § 2255. *Id*. As Petitioner has already pursued an unsuccessful § 2255 motion in this court, he may not file a second § 2255 motion unless he obtains from the Fourth Circuit Court of Appeals an order authorizing this court to consider a second or successive § 2255 motion. *See* 28 U.S.C. §§ 2244(3)(A) and 2255(h). There is no evidence Petitioner has obtained such permission, and despite Petitioner's assertions otherwise, the *DePierre* decision is not the type of "law changing" and retroactively applicable case that would permit this court to consider Petitioner's claims under § 2241 as was done



in the case of *In re Jones,* 226 F.3d 328 (4th Cir. 2000). *Claiborne v. O'Brien*, No. 1:12CV38, 2012

WL 4737260 (June 29, 2012), *adopted by* 2012 WL 4673141 (N.D.W. Va. Oct. 3, 2012) (*DePierre*

claim not proper for § 2241 under *In re Jones* analysis); *see United States v. Drew*, No. 3:05–cr–70,

2012 WL 2069667 (N.D.W. Va. April 16, 2012) (*DePierre* is not retroactively applicable to cases on

collateral review), *adopted by* 2012 WL 2069657 (N.D.W.Va. June 8, 2012); *United States v. Crump*,

No. 7:06–cr–00007–1, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012) (same) *appeal dismissed*

*by*, 474 Fed. Appx. 241 (4th Cir. June 22, 2012); *Wilson v. United States*, No. 11–CV–1532, 2011

WL 6308907, at *3 (W.D. La. Nov. 29, 2011) ("DePierre has not been recognized or declared a

retroactively applicable Supreme Court decision.  It only clarified existing law."), *adopted by*, 2011

WL 6308440 (W.D.La. Dec. 16, 2011), *aff'd by*, 475 Fed. Appx. 530 (5th Cir. July 27, 2012); *see also*

*Williams v. United States*, No. 9:11cv118, 2012 WL 214893, at * 2 n. 1 (E.D. Tex. Jan 23, 2012)

(citing *Wilson v. United States, supra*); *Douglas v. Drew*, No. 12-1263, 2012 WL 4324880, at * 2

(D.S.C. June 7, 2012)[To trigger savings clause of § 2255 and proceed under § 2241, Petitioner needs

to show that something more should be considered by the Court than that authorized by § 2255, such

as a retroactive change in the law as contemplated in *In re Jones*], *adopted by* 2012 WL 4324878

(D.S.C. Sept. 20, 2012).

       Finally, even if this Court were to consider this Petition under § 2241, as Petitioner

requests, although Petitioner was convicted and sentenced in this court, he is currently serving his

sentence at a federal prison located in the Eastern District of Kentucky.  Even though he named the

"United States of America" as the Respondent on his Petition, the settled law is that the proper

respondent in a habeas corpus action filed by an incarcerated prisoner is the warden of the prison

where the prisoner is housed at the time the petition was filed. *Rumsfeld v. Padilla*, 542 U.S. 426,



4

434-35 (2004).  Because Petitioner's warden is not located within the geographical limits of this United States District Court, Petitioner cannot obtain personal jurisdiction over the warden.  *See Rumsfield* , 542 U.S. at 446-47; *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 494-500 (1973); *Kanai v. McHugh,* 638 F. 3d 251, 255-56 (4th Cir. 2011).  As a result, if considered under § 2241, then the Petition was filed in the wrong court, and this court cannot rule on the merits of Petitioner contentions.

<u>**RECOMMENDATION**</u>

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case, construed as a motion under § 2255,[1] be dismissed *without prejudice*.  Petitioner's attention is directed to the important notice on the next page.



_____
Bristow Marchant
United States Magistrate Judge

November 16, 2012
Charleston, South Carolina

---

[1]While construing a § 2241 petition as a § 2255 petition generally requires notification to Petitioner of consequences and limitations of filing a § 2255 petition [*see Castro v. United States*, 540 U.S. 375, 377 (2003)], Petitioner has already filed a previous § 2255 and is not subject to adverse consequences as a result of this re-characterization.  *See Rice v. LaManna*, 451 F.Supp. 2d 755, 759 (D.S.C. 2006)[Finding that since petitioner had already filed a previous § 2255 motion, he would suffer no adverse consequence as a result of his petition being construed as a § 2255 petition].  In this case, the petition is subject to dismissal without prejudice, whether construed under § 2241 or § 2255.  *See* discussion, *supra.*  Further, this Report and Recommendation constitutes notice to the Petitioner, to which he can file objections.

**Notice of Right to File Objections to Report and Recommendation**

  The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

  Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

  **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

